U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 13 2005

ROBERT H. SHEMWELL, CLERK
BY_____
          DEPUTY

**CV05-1234 L-O**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

**JUDGE DOHERTY**

| | | |
|---|---|---|
| GLYNN BOLDEN, | § § § | MAGISTRATE JUDGE HILL |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-04-345 |
| APACHE CORPORATION, et al., | § § § | |
| Defendants. | § § § | |

## ORDER GRANTING BELL HELICOPTER TEXTRON'S MOTION TO TRANSFER VENUE AND DENYING BELL HELICOPTER TEXTRON'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This case arises out of injuries sustained by Glynn Bolden ("Plaintiff") during a helicopter accident. Now before the Court comes the Motion to Dismiss for Lack of Subject Matter Jurisdiction and the Motion to Transfer Venue and Motion for Leave to Designate Responsible Third Parties by Bell Helicopter Textron, Inc. ("Bell"). For the reasons stated below, Bell's Motion to Dismiss is hereby **DENIED**, Bell's Motion to Transfer to the Western District of Louisiana is **GRANTED**, and Bell's Motion for Leave to Designate Responsible Third Parties is not reached.

**I.    Background and Procedural History**

Plaintiff claims that he was injured on January 28, 2004. He was being transported by helicopter to Louisiana from a platform in the Gulf of Mexico when the helicopter had mechanical problems and had to make an emergency landing. Bell manufactured the helicopter, which was chartered by Defendant Apache Corporation. According to Bell, it was owned and operated by Rotorcraft Leasing Co., L.L.C. or Rotorcraft Technologies, Inc.

On March 28, 2005, Bell moved to dismiss for lack of subject matter jurisdiction. Plaintiff's

TRUE COPY I CERTIFY
ATTEST: 7/11/05
MICHAEL N MILBY, Clerk
By_____
        Deputy Clerk

Complaint alleged that this Court had federal question jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333 ("OCSLA"). Bell argued that because the accident did not occur on the Outer Continental Shelf, the Court did not have jurisdiction pursuant to OCSLA. The Court then granted Plaintiff leave to amend his Complaint to omit any OCSLA-based claims. Plaintiff now asserts that this Court has diversity jurisdiction. Bell has indicated that it now believes that its Motion to Dismiss is moot, but it has filed a Motion to Transfer Venue to the Western District of Louisiana, Lafayette, Division, or the Northern District of Texas, Fort Worth Division. Bell has also filed a Motion for Leave to Designate Responsible Third Parties pursuant to Tex. Civ. Prac. & Rem Code Ann. § 33.004 (Vernon Supp. 2005).

## II. Motion to Dismiss

Bell previously moved to dismiss for lack of subject matter jurisdiction. Bell has indicated that because Plaintiff amended his Complaint to assert diversity jurisdiction rather than federal question jurisdiction based on OCSLA, that motion is now moot. The Court agrees, and Bell's Motion to Dismiss for Lack of Subject Matter Jurisdiction is therefore **DENIED AS MOOT**.

## III. Motion to Transfer

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers

the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Bell has listed numerous non-party witnesses who reside in Louisiana whose testimony will likely be important to the resolution of the case. These witnesses include representatives of the Rotorcraft entities (owners, mechanics, and chief inspector); a former employee of Rotorcraft who piloted the helicopter at the time of the accident; the employee of Acadian Composites who repaired a stabilizer; the FAA inspector who conducted the accident investigation; three other passengers; and several treating doctors. Bell also has one employee witness and an expert in Louisiana. Witnesses from outside Louisiana include the one passenger who has not yet filed suit (Mississippi); Plaintiff's

experts in Houston and Washington, D.C.; Bell's experts from Illinois and the Dallas area; Defendant Apache's expert from Southlake, Texas; and employees of Bell Helicopter Textron Canada. Bell's headquarters are in Fort Worth, Texas, and Apache is headquartered in Houston.

While not all witnesses reside in Louisiana, the overwhelming number of the important non-party, non-expert witnesses do live there. This factor weighs heavily in favor of transfer to the Western District of Louisiana. In contrast, transfer to the Northern District of Texas, the alternative venue requested by Bell, would only shift the inconvenience to Plaintiff's witnesses. The witnesses in that area are either hired experts or Bell's employees, whose presence can be compelled at trial by Bell. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003).

## B. Location of Books and Records

The location of books and records is generally of little importance in a personal injury case. However, in this case, not only are some of Plaintiff's medical records as well as maintenance and other records for the helicopter in Louisiana, relevant pieces of the helicopter are located in Louisiana. This factor weighs in favor of transfer to the Western District of Louisiana.

## C. Potential for Delay

While this case has been on file for some time, Bell was not served until November 2004. The case is not set for trial in this Court, and Bell asserts that not much discovery has been done. The Fifth Circuit has held that a denial of transfer based on the potential for delay must have some concrete basis, not mere speculation. *See, e.g. In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ([I]n rare or special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). Plaintiff has not shown any such special circumstances. This factor weighs neither for nor against transfer.

*D. Plaintiff's Choice of Forum*

Defendant acknowledges that the Plaintiff's choice of forum is generally entitled to great deference, but it maintains that the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g., Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff resides in Louisiana. While the Court appreciates the confidence Plaintiff has in this Court, Plaintiff's choice of venue is entitled to very little deference in a case such as this one in which Plaintiff does not live in this District and the case has no other connection to this District. This factor weighs neither for nor against transfer.

*E. Place of the Alleged Wrong*

The accident occurred near Patterson, Louisiana. The citizens of Louisiana have a much stronger interest in the resolution of cases involving helicopter crashes in their state that injured their fellow citizens than do the citizens of Texas. This factor weighs heavily in favor of transfer to the Western District of Louisiana.

## IV. Motion for Leave to Designate Responsible Third Parties

Bell has also moved to designate the Rotorcraft entities as responsible third parties under Tex. Civ. Prac. & Rem. Code § 33.004 (Vernon Supp. 2005). The Court leaves the decision on this issue to the transferee court. However, to address Plaintiff's contention that it is inappropriate for Bell to seek transfer to Louisiana while at the same time seeking the protection of Texas law, the Court respectfully notes that Bell does not necessarily waive Texas state-law defenses by transferring the case to Louisiana. The transferee court may decide that Louisiana law applies, especially since it appears that the case has almost no connection to Texas, but transfer does not necessarily affect the

choice of law. Once again, though, the Court leaves the consideration of the merits of this Motion entirely to the transferee court.

## V. Conclusion

For the above-stated reasons, the Court **DENIES AS MOOT** Bell's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Although the Court personally finds this type of aviation case extremely interesting and would enjoy hearing the expert testimony and arguments on both sides, this case simply does not have enough connection to this District to justify keeping the case here. The Court **GRANTS** Bell's Motion to Transfer to the Western District of Louisiana and **DENIES** Bell's Motion to Transfer to the Northern District of Texas. The Court does not reach Bell's Motion for Leave to Designate Responsible Third Parties. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 9th day of July, 2005 at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

July 11, 2005

U.S. ATTORNEY
WD LA LAFAYETTE

2005 JUL 13 A II: 27

ASSIGNED_____

MICHAEL N. MILBY, Clerk
P.O. Drawer 2300
Galveston, TX 77553
(409) 766-3530

United States District Court
Western District of Louisiana
Lafayette Division
800 Lafayette, Suite 2100
Lafayette, LA 70501

      RE: C.A 3:04-345 ; Bolden v. Apache Corporation

Dear Sir:

Enclosed is a certified copy of an order entered <u>July 11, 2005</u> transferring the above case to your office, and a certified copy of the docket sheet. Documents 1-10 are enclosed herewith. The remainder of the case file can be accessed through the Electronic Case Filing/Pacer System for the Southern District of Texas at:

      ecf.txsd.uscourts.gov

Please complete the receipt below and return the copy of this letter.

      Sincerely,

      MICHAEL N. MILBY, Clerk

USA1175
8Simmens3

BY: *Cathy McBroom*
    Deputy Clerk

---

Received and filed under Docket No.:_____ on _____

CLERK, U.S. DISTRICT COURT     BY: _____